ORIGINAL

FILED
U.S. DISTRICT COURT

2011 JAN 31 PM 3:51

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KEITH D. WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 310-078 |
| ALICIA ZANDERS, et al., | ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

---

[1] Plaintiff initially brought this case in the Savannah Division of this Court. The case was later transferred to the Dublin Division because Defendants reside within that Division. (Doc. no. 3.)

[2] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff

I. **BACKGROUND**

Plaintiff names the following Defendants in this case: (1) Alicia Zanders, an investigator with the City of McRae Police Department; (2) the City of McRae Police Department ("MPD"); and (3) Ronald Warnock, a human resources manager at Husqvarna Outdoor Products, Plaintiff's former place of employment. (Doc. no. 1, p. 1.) According to Plaintiff, Defendant Warnock contacted Defendant Zanders in March of 2008 regarding the illegal use of company fuel cards. (Id. at 3.) Plaintiff alleges that Defendant Zanders brought him to a police station for questioning and told him that "she had all the evidence she needed to arrest [Plaintiff]," referring to a "video recording and a handwritten signature of [Plaintiff's] on a fuel receipt." (Id. at 3-4.) Plaintiff asserts that he was released after Defendant Zanders played the video in Plaintiff's presence and discovered that the person in the video was much smaller than Plaintiff. (Id.)

Following this incident, Plaintiff maintains that Defendant Warnock placed him on a leave of absence without pay pending resolution of the investigation. (Id.) Plaintiff further alleges that Defendant Warnock later placed calls to Defendant Zanders, Plaintiff's probation officer, and the Dodge County Sheriff's office, demanding that a warrant issue for Plaintiff's arrest for theft and use of the company's fuel cards. (Id.) Plaintiff states that in June 2008 he was arrested and kept in jail for approximately two days before being released on bond. (Id.) Plaintiff alleges that the charges against him were dropped after Defendant Zanders allegedly lost the video tape and writing comparison. (Id.) Plaintiff maintains that as a result of the actions of Defendants Zanders and Warnock, he was falsely arrested and subjected to

---

signed, he remains liable for the full $350.00 filing fee.

2

wrongful incarceration. (Id.)

## II. DISCUSSION

### A. Failure to State a Claim Against Defendant MPD

To the extent that Plaintiff blames Defendant MPD for the acts of Defendant Zanders, his claims fail. First, Plaintiff does not explain how Defendant MPD – as an entity – is capable of being sued for any improper actions that are alleged to have occurred as the result of Defendant Zanders' actions.[3] Second, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269

---

[3]According to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988) (quotation omitted). The Court is not aware of any applicable precedent for recognizing a police department as an entity capable of being sued. However, in a similar vein, the Court is aware that the Eleventh Circuit has ruled that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see also Bunyon v. Burke County, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit).

3

(citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff has not alleged that Defendant MPD, as an entity, actually participated in any of the events forming the basis of his complaint.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant MPD and the alleged constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendant MPD. In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendant MPD.

### B.  Failure to State a Claim Against Defendant Warnock

Plaintiff also fails to state a § 1983 claim against Defendant Warnock because

---

[4]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

Defendant Warnock is not a person acting under color of state law such that he is subject to liability under § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added); see also Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (internal quotation marks and citation omitted).

According to Plaintiff, Defendant Warnock is a human resources manager at the company where Plaintiff previously worked. (Doc. no. 1, p. 3.) Plaintiff's averment that Defendant Warnock reported Plaintiff to various authorities is insufficient to allege that Defendant Warnock was acting under color of state law. Ordinary citizens are empowered to report their suspicions to law enforcement authorities, and Plaintiff has not alleged that Defendant Warnock took any actions pursuant to power possessed by virtue of state law or made possible because he was clothed with the authority of state law. See West, 487 U.S. at 48. Accordingly, Defendant Warnock should be dismissed from this action.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

Defendants MPD and Warnock be **DISMISSED** from this case.[5]

SO REPORTED and RECOMMENDED this 31st day of January, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]In a simultaneously issued Order, the Court has ordered that service of process issue against Defendant Zanders for Plaintiff's Fourth Amendment claims for false arrest and malicious prosecution.